WILLIAMS STEAMSHIP CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8725. Promulgated June 21, 1927.

An interest-bearing demand promissory note was *bona fide* paid in for stock on April 8, 1919, and was satisfied and discharged by the maker by the transfer of certain stock to the corporation. The evidence shows that the note had a cash value equal to the face amount thereof and that the stock transferred to the corporation was worth par and it is, therefore, *held* that the promissory note constituted invested capital from April 8 to April 10, the date on which the maker thereof satisfied the note by the transfer of the stock, and that the stock received by the corporation in exchange for the note should be considered at a value of $124,700 in the computation of invested capital from and after April 10, 1919.

*Mark Eisner, Esq.*, for the petitioner.
*John W. Fisher, Esq.*, for the respondent.

The Commissioner determined deficiencies in income and profits tax for the fiscal years ending March 31, 1920 and 1921, in the amounts of $8,559.87 and $202.28 respectively. Petitioner claims that the Commissioner erred in refusing to permit it to include in invested capital for the taxable years an interest-bearing promissory note of $124,700 given to it by George T. Williams, its president and sole stockholder on April 8, 1919, the time of organization, for capital stock. The alternative claim is made that if the value of the note is not included in invested capital for the taxable years, petitioner should be permitted to include, in computing invested capital, stock of another corporation transferred to the petitioner within two days after the execution of the note and in lieu thereof.

### FINDINGS OF FACT.

Petitioner is a New York corporation organized to act as American agent for a steamship company organized and operating under the laws of Canada. Prior to the organization of petitioner on April 8, 1919, George T. Williams was engaged with another corporation operating certain steamships. In 1918 that corporation was dissolved and Williams, who was otherwise wealthy, received upon dissolution $600,000. On April 3, 1919, Williams and others organized a corporation known as the Convoy Steamship Co. of Halifax, under the laws of the province of Nova Scotia, Canada, with a capital stock of the par value of $250,000 consisting of 2,500 shares of the par value of $100 each. Williams purchased 1,247 shares of this stock for cash at par and the remaining 1,253 shares were purchased by two other individuals for cash at par. With this $250,000 and $250,000 borrowed from the Equitable Trust Co. of New York, the Convoy Steamship Co. immediately purchased the steamship *War Convoy* from the British Munitions Board, Canada, the total purchase price being $1,632,000.

During the year 1919, the Convoy Steamship Co. also purchased the steamships *Hurona* and *Devona*, the first costing $550,000 and the second costing $690,000. The entire purchase price of these steamships was paid by the Convoy Steamship Co. within the year 1919 from profits derived from cargoes.

On April 8, 1919, Williams organized the Williams Steamship Co., the petitioner herein, under the laws of the State of New York, with an authorized capital stock of $300,000 consisting of 3,000 shares of the par value of $100 each, for the purpose of having that company act as the American agent for the Convoy Steamship Co., and turned over to this corporation certain tangible

assets not involved in this proceeding. It was the intention of Williams at the organization of petitioner to pay in to it his $124,700 par value of the stock of the Convoy Steamship Co., for an equal amount of petitioner's stock, but, inasmuch as the Convoy Steamship Co.'s stock had not reached Williams on April 8, 1919, he paid in to petitioner his interest-bearing demand promissory note for $124,700 for that amount of its stock pending the arrival of the Convoy Steamship Co.'s stock, with the understanding between him and the corporation that upon the arrival of the Convoy Steamship Co.'s stock it would be turned over to petitioner in lieu of and in satisfaction of the note. On April 10, 1919, Williams received the $124,700 par value of the Convoy Steamship Co.'s stock, and on that date turned same in to petitioner in lieu of his promissory note in accordance with the understanding. The note which Williams had given the corporation for stock was not formally canceled when the Convoy Steamship Co.'s stock was substituted for it but the note has at all times been in the possession of Williams, who was the principal officer and stockholder of petitioner with the exception of qualifying shares, and it was definitely understood between petitioner and Williams that his note had been fully satisfied upon delivery by him of the Convoy Steamship Co.'s stock. At the time Williams gave his note for $124,700 to the petitioner he was financially responsible and possessed cash and liquid assets of the value of approximately $600,000. At all times since April 8, 1919, Williams has owned, among other property, bonds and securities of other corporations and Liberty bonds of a value in excess of $204,000. The note was never used by the petitioner for any purpose and was formally canceled by Williams in 1921. At the time the note for $124,-700 was given by Williams to petitioner for stock it had an actual cash value equal to its face amount. The $124,700 par value of the stock of the Convoy Steamship Co., of Halifax had on April 10, 1919, at the time it was transferred to the petitioner, an actual cash value of that amount.

### OPINION.

LITTLETON: There was a definite understanding and agreement between petitioner and Williams on April 8, 1919, when he gave his note for $124,700 for that amount of petitioner's stock, that as soon as the 1,247 shares of stock of the Convoy Steamship Co. for which Williams had theretofore paid $124,700 in cash was received, the same should be turned in to the petitioner in lieu of the promissory note and this was done on April 10, 1919, two days after the note was given. The only reason the note was given was because the Convoy Steamship Co.'s stock was late in reaching Williams and it was desired to perfect the organization of the petitioner. Although the note of

Williams was not formally canceled until a subsequent year it was definitely understood by him and the corporation that the delivery of the Convoy Steamship Co.'s stock on April 10 satisfied and discharged the note. Williams was entirely solvent and fully able to pay his note and from the evidence we are of the opinion that it had an actual cash value at the time paid in for stock of $124,700. It was *bona fide* paid in for stock on April 8 and constituted invested capital of the petitioner on April 8 and April 9, 1919. *Hewitt Rubber Co.*, 1 B. T. A. 424. On April 10, 1919, Williams paid the note by delivery to the petitioner of $124,700 par value of the Convoy Steamship Co.'s stock, which stock we are of opinion from all the evidence had an actual cash value at that time equal to its par value. In any event, when petitioner exchanged an asset having a cash value of $124,700 for the 1,247 shares of the Convoy Steamship Co.'s stock, that was the cost of such stock to the petitioner. On and after April 10, 1919, the promissory note of Williams having been paid, although not formally canceled, was not a *bona fide* asset of the petitioner. In computing petitioner's invested capital after April 8, 1919, the promissory note of Williams should be considered at the value of $124,700 for two days, and, thereafter, the stock of the Convoy Steamship Co. should be considered at a like value.

*Judgment will be entered on 15 days' notice, under Rule 50.*